# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR MELGOZA, | CASE NO. 1:12-cv-01421-LJO-SKO |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH PREJUDICE** |
| v. | (Doc. 1) |
| ANTHONY ISHII, | **ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS** |
| Defendant. / | (Doc. 2) |

## I. INTRODUCTION

On August 27, 2011, Plaintiff Hector Melgoza ("Plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff names United States District Judge Anthony W. Ishii as a defendant. Plaintiff asserts that Judge Ishii abused his discretion in decisions issued in Plaintiff's habeas corpus proceeding (1:12-cv-01421-AWI-SKO-HC), thereby violating Plaintiff's due process rights under the Fourteenth and Fifth Amendments. For the reasons set forth below, Plaintiff's complaint is DISMISSED WITH PREJUDICE.

## II. DISCUSSION

**A.   Plaintiff's Allegations**

Plaintiff asserts that on April 24, 2012, Judge Ishii issued an order in a habeas corpus proceeding filed by Plaintiff that, essentially, was contrary to law. (Doc. 1, p. 3.) Plaintiff contends

specifically:

> [Judge Ishii] used an incorrect procedure that barred petitioner from obtaining relief on a claim to denial of counsel when failing to issue an order to show cause and a certificate of appealability, thus damaging petitioner. I received a denial stating that petitioner does not have a right to counsel during all stages of the state trial proceedings. This procedure that the court used barred petitioner from receiving a Federally protected right under the Sixth Amendment of the U.S. Constitution, and also stated that petitioner[']s claim was not cognizable, thus ensuing damage to petitioner.
>
> Petitioner desires that the court issue monetary compensation for damages suffered when the U.S. District Court failed to call into question the conviction on a claim to denial of counsel during state jury trial proceedings and injunction to foreclose Federal Judges from issuing orders that are not an order to show cause on a claim to denial of counsel during state trial proceedings in violation of due process of the Fourteenth Amendment to the U.S. Constitution.

(Doc. 1, p. 3.)

The caption of Plaintiff's complaint states that it is brought pursuant to 42 U.S.C. § 1983, and Plaintiff seeks both monetary damages and injunctive relief.

**B.      Judicial Immunity Bars Suit**

As it pertains to the monetary damages Plaintiff seeks, "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities[.]" *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *see also Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). This immunity from liability for judicial acts is absolute even where the judge's exercise of authority is flawed by the commission of procedure errors. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). The doctrine of judicial immunity is intended to discourage collateral attacks on judges and defers to the appellate process for the correction of any judicial error. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002).

There are two circumstances where a judge is not absolutely immune from liability arising out of his official conduct. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. [citations omitted] Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12; *see also, Shucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) ("A judge loses absolute immunity where he acts in the clear absence of all jurisdiction, or performs an act that is not judicial in nature."); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("A

1 judge lacks immunity where he acts in the clear absence of all jurisdiction, . . . or performs an act
2 that is not judicial in nature.") (internal quotation marks and citations omitted).  "[T]he factors
3 determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e.,
4 whether it is a function normally performed by a judge, and to the expectations of the parties, i.e.,
5 whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.

6   Here, the acts of which Plaintiff complains relate to Judge Ishii's decision in Plaintiff's habeas
7 corpus case.  Rendering a decision in Plaintiff's case was an act within Judge Ishii's judicial capacity.
8 As a party appearing before him, Plaintiff expected that any decision in that case would be issued
9 in Judge Ishii's judicial capacity.  As such, Judge Ishii is entitled to absolute judicial immunity from
10 Plaintiff's claim for monetary damages.

11   To the extent Plaintiff is seeking equitable relief in the form of an injunction, the absolute
12 immunity bar also applies.  "The judicial or quasi-judicial immunity available to federal officers is
13 not limited to immunity from damages, but extends to actions for declaratory, injunctive[,] and other
14 equitable relief." *Mullis v. Bankruptcy Ct. for the Dist. of Nv.*, 828 F.2d 1385, 1394 (9th Cir. 1987),
15 *cert. denied*, 486 U.S. 1040 (1988)).[1]

16   For these reasons, Plaintiff cannot state a claim against Judge Ishii for either damages or
17 injunctive relief, and any attempt to amend would be futile. *See Foman v. Davis*, 371 U.S. 178, 182
18 (1962) (where pleadings cannot possibly be cured by the allegation of other facts, amendment is
19 futile, and the claim may be dismissed with prejudice).

---

[1] Typically, a Section 1983 does not apply to actions against Federal officials because they are not state actors acting under the color of state law.  However, a plaintiff may file suit in federal court for damages arising from a violation of a plaintiff's constitutional rights by persons acting under the color of federal law. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). A *Bivens* action is considered the federal counterpart of a Section 1983 action. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state action under § 1983 by a federal actor under *Bivens*.").

  Even to the extent the Court construes Plaintiff's Section 1983 claim against Judge Ishii as a *Bivens* action, judicial immunity bars the suit.  Federal judges are afforded identical immunity under Section 1983 and *Bivens* actions. *See Butz v. Economou*, 438 U.S. 478 (1978) (holding that immunity of federal officials under *Bivens* is coextensive as immunity afforded to state officials sued under Section 1983).

**C.      Plaintiff's Motion to Proceed *In Forma Pauperis* is DENIED as Moot**

On August 27, 2012, Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. 2.) As Plaintiff's complaint does not state a viable claim against Judge Ishii, and any attempt at amendment would be futile, Plaintiff's motion to proceed without prepayment of fees is DENIED as moot.

### III.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1       Plaintiff's complaint is DISMISSED WITH PREJUDICE;

2.      Plaintiff's motion to proceed *in forma pauperis* is DENIED as moot; and

3.      The Clerk of Court is directed to administratively close this action.

IT IS SO ORDERED.

**Dated:    October 3, 2012**                    /s/ Lawrence J. O'Neill
                                                                UNITED STATES DISTRICT JUDGE